JOHN I. ADAMS & CO. *v.* M. A. DEES AND WIFE.

1. HOMESTEAD.   *Sale thereof.   Note for purchase-money.   Investment of same.   Loss of exemption.*

Where the owner of an exempt homestead sells and removes from the same, and takes the purchaser's promissory note for the purchase-money, which he subsequently surrenders for a conveyance of the former homestead to his wife, such property may be subjected by a bill in chancery to a judgment against the former owner of the homestead, existing at the time of the sale of the property, just as the note, the consideration of the conveyance to the wife, might have been subjected by a garnishment proceeding.

2. SAME.   *Sale thereof.   Loss of exemption unaffected by certain facts.*

And the loss of the exemption, in the circumstances above supposed, would result though connected with the facts that the owner was advised by legal counsel that the note for the purchase-money of his homestead was not subject to the demands of his creditors, that he intended to devote the proceeds of the sale of his homestead to the purchase of another, that he believed the conveyance to his wife would vest the title to the property in her free from the claims of his creditors, and that he was determined to keep within the protection of the exemption law.

3. SAME.   *Proceeds of sale thereof—whether exempt.*

There is no statute in this State which exempts from execution the proceeds of a sale of a homestead, voluntarily made by the exemptionist.

APPEAL from the Chancery Court of Jackson County.

HON. SYLVANUS EVANS, Chancellor.

The bill in this cause was filed by John I. Adams & Co. against M. A. Dees and his wife, Annie S. Dees. The defendants answered. Evidence was adduced by both sides, and the case was heard on bill, answer, and proofs. The material facts developed by the pleadings and evidence are these: On the 22d of November, 1881, John I. Adams & Co. recovered a judgment in the Circuit Court of Jackson County against M. A. Dees for eight hundred and forty-one dollars and seven cents, and on the 1st of December, 1881, it was duly enrolled in that county. At both of the dates mentioned Dees owned and resided upon a piece of land which he occupied with his family as his homestead. On the 2d of June, 1882, Dees conveyed this land to H. M. Cudabac and took the latter's promissory note for one thousand seven hundred and fifty dollars as the amount of the purchase-money, secured by a mortgage on the land. Dees and his family then moved away from the premises conveyed to Cudabac. On the 8th of May, 1883, Cudabac conveyed this property to Annie S. Dees, wife of M. A. Dees, and the latter surrendered to Cudabac his note given on the 2d of June, 1882. An execution issued upon the judgment of John I. Adams & Co. against M. A. Dees having been returned "*nulla bona,*" they filed the bill in this cause on the 18th of February, 1884, for the purpose of having the deed from M. A. Dees to Cudabac, the mortgage executed by the latter, and his deed to Annie S. Dees canceled, and having the land sold to pay complainant's judgment. On the 5th of August, 1884, Dees and his family moved back upon the premises in controversy, but in the answer of the defendants, which was filed on the 9th of May, 1884, they, of course, made no reference to the fact of their return to their former home.

Upon final hearing the court dismissed the complainants' bill and they appealed.

*C. H. Wood* and *W. H. McIntosh,* for the appellants.

Now, when *Dees took* the *mortgage* from Cudabac, *his interest* in the *premises* was *certainly liable* to the *lien* of *complainants'* under their *enrolled judgment.*

If the one thousand seven hundred and fifty dollars purchase-

money had been paid to Dees and he bought land with it and did not occupy it as a homestead, then that land, if in Jackson County, would have become subject to complainants' lien. Section 1257, Code 1880, and § 2143, Code 1871, says : " The exempt property, real or personal, may be disposed of as any other property may be by the owner, and shall not by such disposal become liable to the debts of such owner." * * * * * * * * * * * *

Unlike art. 283, Code 1857, p. 530, which exempts the money for the sale of homesteads from execution for one year thereafter, the §§ 1257 of Code 1880 and 2143, Code 1871, do not exempt the money for sale of the homestead, or exempt personal property from execution.

Our court says : " The homestead law of 1871, Code, § 2144, is no more explicit and stringent than that of 1857, p. 529, art. 281. It requires actual residence on the premises. The only exception tolerated is temporary absence, caused by casualty or necessity, with a purpose of speedy return when the cause of absence has ceased." *Thompson* y. *Tillotson,* 56 Miss. 36. Section 1256, Code 1880, is the same as § 2144, Code 1871.

If the act of Dees selling to Cudabac, and Cudabac mortgaging the premises to Dees for the purchase-money and then making an absolute deed to Dees' wife is permitted by law, then Dees can buy and occupy a short while as a homestead, get Cudabac to buy on a credit, and then make sale back to Dees' wife without any consideration whatever being paid, then he can go on *ad infinitum.*

*T. W. Brame,* for the appellees.

Dees had a right to sell his homestead to Cudabac on a credit, and no judgment creditor could reach the proceeds thereof. See Code 1880, § 1257, and *Meacham et al.* v. *A. C. Edmonson et al.,* 54 Miss. 746.

Now, if Cudabac had paid Dees the one thousand seven hundred and fifty dollars in cash when it became due, the sale would have been valid. Dees would have had the money and could have made a present of it to his wife or any one else, and creditors could never have reached it.

Then, if we concede that Dees could have given his wife the

proceeds of the sale, could he not also have given his wife the notes of Cudabac without their creditors being permitted to complain of the transaction ? And further, could he not actually have made a deed of gift of the property in controversy to his wife and perpetrated no fraud upon his creditors. ? We think he could.

In the case of *Smith et al.* v. *Allen et ux.*, 10 George 469, the court holds that under § 280, Code 1857, page 528, Allen had the right to give a chattel exempt by law to his wife, and that art. 33, page 336, Code 1857, did not apply. So we contend that under §§ 1249 and 1257, Code 1880, Dees had a right to do what he pleased with his homestead except abandon it, and if he had actually made her a deed of gift, § 1293, Code 1880, would not apply, because no fraud is perpetrated thereby upon the rights of his creditors, as they cannot look to his homestead for the payment of their debts against him. In the conveyance of exempt property the debtor deals with it as if he had no creditors, and he can dispose of it as if he did not owe a dollar.

I lay down this proposition, that the whole transaction is upheld by reason, sound sense, the statutes of our State, and the adjudications of this court, as laid down in *Smith* v. *Allen*, 10 George 469 ; *Mosely* v. *Anderson*, 40 Miss. 49 ; *Meacham* v. *Edmonson*, 54 Ib. 746.

CAMPBELL, C. J., delivered the opinion of the court.

The exemption of a homestead from execution is by statute, and it exists only in accordance with the statute. There is no statute in this State which exempts from execution the money or credits obtained from a sale of the homestead by the voluntary act of the exemptionist. The only way for him to securely enjoy the protection of the exemption law is to keep what it exempts, or, selling it, as he may, to get for it money, which the sheriff cannot have access to, or another homestead or chattels, which are exempt. If by his voluntary act he converts his homestead into something, no matter what, which the law does not exempt, he thereby forfeits the protection which the law gives to his possession and ownership of certain designated things. The note of Cudabac to Dees for the

homestead sold by the latter was not exempt. It was subject to garnishment. It was therefore effects which the creditors of Dees had the right to subject, and the surrender of this note for a conveyance to Mrs. Dees did not vest the title of the former homestead in her free from the demands of his creditors. He had voluntarily withdrawn his homestead from the protection the law gave to him in its enjoyment as such, and had no right to give to his wife the chose in action which the law made liable to his debts. His idea, even if derived from the advice of counsel, that the note given on sale of his homestead was not subject to the demands of creditors, and his purpose to devote the proceeds of the sale of the homestead to the purchase of another, and the belief that a conveyance by Cudabac to Mrs. Dees for the note he had given for his property would vest title in her as against his creditors, and his determination to keep within the protection of the exemption law, did not prevent the legal result of his voluntary exposure of his effects to the pursuit of his creditors.

*Decree reversed and cause remanded.*