## T. L. AIREY & CO. *v.* W. M. BUCHANAN ET AL.

HOMESTEAD. *Exchange of for benefit of wife. Effect as to exemption.*

An insolvent debtor, as against a judgment-creditor, has a right to convey his homestead to another in consideration for a conveyance to his wife of real estate, not exempt, and such real estate is not liable for his debts. *Adams* v. *Dees*, 62 Miss. 354, distinguished.

APPEAL from the Chancery Court of Chickasaw County.

HON. BAXTER MCFARLAND, Chancellor.

T. L. Airey & Co. obtained a judgment against W. M. Buchanan. This judgment was duly enrolled, execution issued thereon, and a return of *nulla bona* made. Buchanan at this time was living on his homestead, worth two thousand dollars. Afterward he conveyed this homestead to one Mrs. Baldwyn and daughter, and they in turn conveyed their five-eighths interest in six hundred and forty acres of land and two lots to the wife of W. M. Buchanan.

Thereupon T. L. Airey & Co. filed this bill against W. M. Buchanan and his wife, Mrs. M. B. Buchanan, charging that the homestead conveyed by Buchanan to Mrs. Baldwyn was the sole and only consideration for the conveyance of the land to his wife, Mrs. M. B. Buchanan, and that she furnished nothing, and praying that the deed be cancelled, and the land subjected to the payment of the judgment of complainants. The defendant demurred to the bill. The Chancellor sustained the demurrer and dismissed the bill. The complainants appealed.

*W. E. Baskin*, for the appellants.

I submit that W. M. Buchanan, by the *exchange* of his homestead for the lands of Mrs. and Miss Baldwyn, withdrew it from the protection of the exemption law. It was said in the case of *Adams &. Co.* v. *Dees and Wife*, 62 Miss. 354 : "The only way for him," referring to the debtor, "to securely enjoy the protection of the exemption law is to keep what it exempts, or, selling it as he may, to get for it money which the sheriff cannot have access to, or another homestead or chattels which are exempt."

Did appellee in this case retain his homestead and thereby pro-

tect his homestead rights? Did he, "*selling* it as he may, get for it *money* which the sheriff can't have access to, or buy another homestead or chattels which are exempt"?

These questions must be answered in the negative, looking to the charges in the bill. Did not Buchanan by his voluntary act convert his homestead into something, to wit: the lands of Mrs. and Miss Baldwyn, which the law does not exempt? Did he not thereby forfeit the protection which the law gives to his possession and ownership of certain designated things? If the note of Cudabac to Dees, in the above case, was an investment of proceeds of exempt property (he having bought exempt lands with it) which the exemptionist had a right to give away, into something that creditors could apply to the payment of their judgment against Dees, why is not the lands that W. M. Buchanan got in *exchange* for *his* homestead effects which appellants, as his creditors, had the right to subject to the payment of his (Buchanan's) debts? Buchanan had no right, as I conceive, to voluntarily withdraw his homestead from the protection the law gave to him in its enjoyment as such, and had no right to *give* his wife his interest obtained from Mrs. and Miss Baldwyn in their lands, which by law properly belongs to his creditors. Let him "be just before he becomes generous."

*W. R. Harper,* on the same side.

We rely upon the case of *Adams* v. *Dees,* 62 Miss. 354. The difference between that case and this is accidental, not essential. It is not necessary that Buchanan should have acquired a legal title in the land, so that the judgment of Airey & Co. would constitute a lien. Buchanan in furnishing the entire consideration was entitled in equity to the results. His creditors were entitled to Buchanan's equitable interest, if such interest was not exempt. Buchanan had no right to give away such equitable interest or right as against existing creditors, whether with or without judgment. Suppose Buchanan had sold his homestead for two thousand dollars cash, had then bought property not exempt and taken the deed in his wife's name, the property so acquired would be liable to his debts, yet no judgment lien attaches to money. Our right

is independent of our judgment.   It is the right of a creditor to have his insolvent debtor not to further destroy his ability to pay by giving away his property or property rights.

W. R. Harper also argued the case orally.

T. J. Buchanan, Jr., for the appellee.

There was no time that the property to the tract of land sought to be subjected to Airey & Co.'s claim was ever in W. M. Buchanan.  Exemption laws must be construed liberally to the debtors. In this case the law would presume that Buchanan gave the homestead or sold it to his wife.   This could have been done, and there was nothing to have prevented it.

Equity considers that done which could have been done or ought to have been done.   1 Pomeroy's Equity 393–396 ; note in same; 3 Wheat 563–577 ; 1 Story's Equity Jurisprudence, § 648.

A debtor deals with his exempt property just as if he had no creditors, and can dispose of it as if he had no creditors, but must not exchange or vest it in something that was not exempt.   *Smith* v. *Allen*, 10 George 469 ; 40 Miss. 49 ; 54 Miss. 746.

T. J. Buchanan also made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

In *Adams* v. *Dees*, 62 Miss. 354, the exemptionist had converted his homestead into a garnishable debt due to himself, and afterward invested that debt, which his judgment-creditor had a right to pursue, in a purchase in the name of his wife, and we held that a court of chancery should aid the creditor to reach the assets of his debtor, and apply them to the judgment uninfluenced by the fact that the debt arose from a sale of the homestead, since the statute did not exempt the proceeds of a homestead.

In this case the defendant in the judgment did not have a debt due him for a sale of the homestead, and did not have title to the land conveyed in payment for his homestead, but conveyed his homestead for a conveyance of other real estate to his wife.   This he had the right to do.   The case is plainly distinguishable from that cited.

*Affirmed.*